UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JEREMIAH JAMES RAUSCH,

      Plaintiff,

v.                                                     Case No. 25-cv-0117-bhl

NAPH CARE MEDICAL SERVICES et al.,

      Defendants.

---

## DECISION AND ORDER

---

Plaintiff Jeremiah James Rausch is incarcerated at the Kenosha County Detention Center and representing himself in this 42 U.S.C. §1983 case. On January 23, 2025, Rausch moved to proceed without prepaying the filing fee (*in forma pauperis*). Under the Prison Litigation Reform Act (PLRA), before the Court will grant a prisoner leave to proceed *in forma pauperis*, the prisoner must pay an initial partial filing fee, which is calculated by using a formula in the PLRA. *See* 28 U.S.C. §1915(b)(1). Based on a review of Rausch's trust account statement, the Court assessed an initial partial filing fee of $7.70 and ordered Rausch to pay the fee by February 24, 2025. About a week later, Rausch filed a letter stating that he cannot afford to pay the fee because he has had to purchase prescription medications. He asks the Court to waive his obligation to pay the $7.70 initial partial filing fee. For the reasons explained below, the Court will deny Rausch's request.

A court may not dismiss the lawsuit of a prisoner who lacks the ability to pay an initial partial filing fee. *See* 28 U.S.C. §1915(b)(4) ("In no event shall a prisoner be prohibited from bringing a civil action . . . for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."). "But if the court finds that the prisoner is unable to pay the

partial filing fee at the time of collection because he intentionally depleted his account to avoid payment, the court in its sound discretion may dismiss the action." *Thomas v. Butts*, 745 F.3d 309, 312 (7th Cir. 2014) (citations and internal punctuation omitted).

The trust account statement Rausch submitted covers the period of June 1, 2024 through January 14, 2025. During that time, more than $200 was deposited into Rausch's account, including a $46.05 deposit on January 7, 2025, just a couple weeks before Rausch brought this action. The Seventh Circuit has instructed, "It is not enough that the prisoner lacks assets on the date he files. If that were so, then a prisoner could squander his trust account and avoid the fee. Section 1915(b)(4) comes into play only when 'the prisoner has no assets and no means by which to pay the initial partial filing fee.' A prisoner with periodic income has 'means' even when he lacks 'assets.'" *Newlin v. Helman*, 123 F.3d 429, 435 (7th Cir. 1997) (*rev'd on other grounds Walker v. O'Brien*, 216 F.3d 626 (7th Cir. 2000)).

Rausch's trust account statement reflects that he paid about $19 in medical copays. It is not entirely clear what he spent the remainder of his money on, but he appears to have made large purchases through the commissary.[1] Accordingly, while he may now be without assets (because he spent his money), he was not without means (because he received multiple deposits into his account prior to filing his complaint). Rausch bears the consequence for spending his money rather than saving some of it to pay the initial partial filing fee. Accordingly, the Court will deny Rausch's request to waive his obligation to pay a $7.70 initial partial filing fee. Rausch is reminded to follow the policies at the Center to arrange the payment of the fee. If he does not pay the fee by

---

[1] If Rauch purchased his prescription medications through the commissary, he may renew his motion and submit a detailed explanation of how much he spent on prescription medications and what other items he purchased through the commissary.

the deadline, the Court will deny his motion to proceed without prepaying the filing fee and will dismiss this case without prejudice based on his failure to pay the filing fee.

**IT IS THEREFORE ORDERED** that Rausch's motion to waive his obligation to pay an initial partial filing fee (Dkt. No. 6) is **DENIED**.

Dated at Milwaukee, Wisconsin on February 5, 2025.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge